UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GERALD RUSSELL,<br><br>                Plaintiff,<br><br>   vs.<br><br>DANIEL N. GORDON, P.C., an Oregon debt collection law firm, and SECURITY CREDIT SERVICES, LLC., a Mississippi Limited Liability Company,<br><br>                Defendants. | NO. CV-12-0514-JLQ<br><br>**MEMORANDUM OPINION and ORDER RE: REMOVAL; DENYING REQUEST FOR REMAND** |

      This case was originally filed on May 1, 2012 in Spokane County Superior Court alleging the Defendants' violations of the Fair Debt Collection Practices Act, Washington's Consumer Protection Act, and the state law tort of Outrage.  Defendant Daniel N. Gordon, P.C. ("Gordon, P.C.") removed the case to this court on August 21, 2012.

      On August 23, 2012, this court questioned whether the Notice of Removal was deficient as it was unclear whether the removal was timely.  The record suggested that both Gordon, P.C. and Security Credit Services had been served the summons and complaint in February 2012 and had thereafter participated in state court dispositive motion proceedings.  The court ordered the Defendant to show cause on or before September 4, 2012 why the matter should not be remanded to state court.  The court also

ORDER - 1

set the same deadline for Plaintiff to file any challenge to the removal.

Both the Defendant and Plaintiff have timely responded to the court's August 23, 2012 Order. Gordon, P.C. responded to the court's Show Cause Order contending the removal was timely filed within the thirty-day statutory period as it was filed six days after Gordon, P.C. waived formal service of process. Plaintiff also filed a "Response" to the court's Order asking the court to remand the case to state court, even though a motion to remand is the proper procedure for challenging removal. Plaintiff contends Gordon, P.C. had waived its right to removal based on the state court conduct of the law firm's owner, sole shareholder, president, and registered agent for service -- Daniel N. Gordon -- counsel for Co-Defendant, Security Credit Services, LLC. Specifically, Plaintiff contends that Mr. Gordon was aware of the state court action and right to remove the case, but waited months to execute an acceptance of service form on behalf of his firm. Plaintiff contends that Mr. Gordon waived personal service on behalf of the firm and consented to the jurisdiction of the state court by arguing the law firm's defenses in the state court dispositive motion proceedings. The central issue is when the thirty-day removal period prescribed by statute commenced running.

## I.   LITIGATION BACKGROUND

The following is the relevant litigation history as presented in the Notice of Removal and the parties' responses to the court's Show Cause Order.

On February 12, 2012, Plaintiff's counsel emailed an attorney working at the law firm of Daniel Gordon, P.C. notifying him of Plaintiff's intent to initiate a lawsuit against Daniel N. Gordon, P.C. ("Gordon, P.C.") and its client, Security Credit Services ("Security Credit"). The email asked the firm to notify Plaintiff's counsel if the firm would waive service of process. The very next day, the law firm notified its insurance carrier (the Oregon Professional Liability Fund ("PLF")) of the potential lawsuit.

On February 16, 2012, Plaintiff served a copy of the state court summons and Complaint on Security Credit. Although the summons was addressed to both Security Credit and Gordon, P.C., Plaintiff did not formally serve Gordon, P.C.

On March 26, 2012, Attorney Kevin Curtis of Winston & Cashatt mailed Plaintiff's counsel a Notice of Appearance on behalf of Gordon, P.C.

On March 29, 2012, attorney Daniel N. Gordon, president of and registered agent for Daniel N. Gordon, P.C., emailed Plaintiff's counsel stating: "As to service of DNG, PC, send me the summons and complaint with an acceptance of service and I will sign it and send it to the PLF.  This case will be removed to the District court after service is accepted."  (ECF No. 6, Ex. 3).

On April 13, 2012, Plaintiff's counsel received an email from Mr. Gordon stating that the claims were "baseless," and demanding the Complaint be filed so he could file dispositive motions.  ECF No. 4, Ex. E.

On May 1, 2012, Plaintiff filed the Complaint in Spokane County Superior Court. On or about, May 2, 2012, Mr. Gordon filed a Notice of Appearance on behalf of Security Credit, together with a document captioned  "Motions for Partial Summary Judgment and Motions to Dismiss." The motions sought the dismissal of all the claims in the Complaint.  The argument made by Security Credit therein was that it could not be held liable because the law firm of Daniel N. Gordon, P.C. could not be held liable.  Mr. Gordon filed an Affidavit in support of the motions, in his role as the "sole shareholder and owner of Daniel N. Gordon, P.C," outlining the relevant conduct of the law firm as it pertained to Plaintiff's claims.

On May 9, 2012, the firm of Winston & Cashatt and its attorney Kevin Curtis filed its Notice of Appearance (dated and mailed on Plaintiff's counsel on March 26, 2012) on behalf of Daniel N. Gordon, P.C. in the state court action.  (ECF No. 1 at 69-70).

On June 20, 2012, Plaintiff filed a cross motion for summary judgment against Security Credit seeking summary judgment on liability under the Fair Debt Collection Practices Act.  Security Credit and Plaintiff's motions were heard in Spokane County Superior Court on August 10, 2012.  Mr. Gordon appeared and argued his motions on behalf of Security Credit. Attorney Curtis representing Gordon, P.C., did not appear at the hearing.  (ECF No. 7).  Though there is no evidence of this in the record, Plaintiff

states in his response to the court's Order to Show Cause that "Mr. Gordon lost the dispositive motions in state court" and that "a judgment [was] issued against his client." (ECF No. 4 at 6, 8).

On August 16, 2012, Mr. Gordon prepared and signed an Acceptance of Service form on behalf of Gordon, P.C. and mailed it to Plaintiff's counsel.

On August 21, 2012, counsel for Gordon removed this case from state court to this court.

## II.    DISCUSSION

### A.  Legal Standards Governing Timely Removal

The right of removal to federal court may be lost in several ways: by failure to apply for removal within the timeframe provided therefore by law, or it may be waived by agreement or conduct.

#### 1. Commencement of the Thirty-Day Time Period

For a notice of removal to be timely, it "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...". 28 U.S.C. § 1446(b). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347–48 (1999). In reaching this conclusion, the Supreme Court read Congress' provisions for removal in light of the following principle: "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id*. at 347. "In the absence of service of process ... a court ordinarily may not exercise power over a party the complaint names as a defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear

and defend." *Id.* "Unless a named defendant agrees to waive service, the summons continues to function as the sine qua non directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. While this court agrees with then Chief Justice Rehnquist's dissent, joined by Justices Scalia and Thomas, that the majority Opinion in *Murphy Bros.* reads out of the removal statute the language "or otherwise," this court is bound by *Murphy Bros.*  The facts in the matter *sub judice* establish without any question at all that the defendant Gordon law firm not only received a copy of the complaint some 120 days before the removal filing, but that Gordon participated fully in the state court proceedings as counsel for the co-defendant Security Credit Services.  Counsel for Gordon served a Notice of Appearance on behalf of Gordon, the removing Defendant, some 150 days prior to removing the action from state to federal court.

Washington law requires personal service of the Summons and Complaint. See Wash. Rev.Code 4.28.080(15); Washington Superior Court Civil Rule (CR) 4(c); and CR 4(d)(2).  Whether a defendant has waived personal service is a question of state law.

2. *Waiver*

"A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Co. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir.1994). "A waiver of the right to removal must be clear and unequivocal." *Id.* (citations and internal quotations omitted). "In general, the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Id.* (citations and internal quotations omitted).

**B. Analysis**

1. Waiver of *Service*

It is undisputed that there was no formal service of process on Gordon, P.C. to start the removal clock. The question Plaintiff presents is whether the removal clock was

nevertheless started where the defendant has, by its conduct, waived service. Although it is undisputed Gordon, P.C. *formally* waived service on August 16, 2012, it is Plaintiff's contention that the law firm's waiver actually occurred when, after being aware of the summons and complaint, Mr. Gordon "filed dispositive motions, ostensibly on behalf of his client, but obviously designed to assert defenses on behalf of Daniel Gordon, P.C," on May 2, 2012. (ECF No. 8 at 7). While that position is appealing as a practical matter, Plaintiff offers no case law where such an argument was accepted. .

Under Washington law, waiver requires " 'the intentional abandonment or relinquishment of a known right [and i]t must be shown by unequivocal acts or conduct showing an intent to waive, and the conduct must also be inconsistent with any intention other than to waive.' " *Clark v. Falling*, 92 Wash.App. 805, 812-13 (1998) (quoting *Mid-Town Ltd. P'ship v. Preston*, 69 Wash.App. 227, 233, 848 P.2d 1268 (1993)). Cases have held that the mere appearance by a defendant in an action does not qualify as a waiver to the defense of sufficiency of service. *Adkinson v. Digby, Inc*., 99 Wash.2d 206, 209, 660 P.2d 756 (1983). Likewise, service is not waived where the lack of service defense is pleaded in an answer, prior to objecting to a trial date, taking a deposition, and consenting to amendment of the complaint. *French v. Gabriel*, 116 Wash.2d 584, 594 (1991). However, conduct sufficiently dilatory or inconsistent with the assertion of the defense of insufficient service of process may waive the defense. For example, waiver was declared in Washington state court where a party had failed to plead insufficient service, engaged in several months of discovery, discussed mediation, and failed to respond to interrogatories inquiring about a possible insufficient service defense. *Lybbert v. Grant County*, 141 Wash.2d 29, 38-39 (2000).

Although waiver of the defense of insufficient service may occur when a party files declarations and seeks affirmative relief in state court, this court cannot conclude that Mr. Gordon's behavior, on behalf of his client Security Credit , "*unequivocally*" evidenced an intent to waive service on behalf of Gordon, P.C. The out of court conduct of the parties indicates that in March 2012, Mr. Gordon indicated he was willing to sign a waiver of

formal service on behalf of the firm, *if Plaintiff's counsel would provide him a copy of the summons, complaint and a waiver form.*  Plaintiff's counsel did not comply with this request with Mr. Gordon or Gordon, P.C.'s counsel.  This failure occurred  despite being informed by Mr. Gordon that upon acceptance of service he intended to have the case removed to federal court.  The court cannot conclude that Gordon, P.C. effectively waived service of process by its conduct any sooner than August 16, 2012, the date Mr. Gordon, himself, prepared and signed a waiver of service form on behalf of the Gordon law firm.

### 2. Waiver of *Right to Remove*

A closely related but separate question raised by the facts but not explicitly argued is whether Gordon, P.C. *waived the right to remove* by taking "actions in state court that manifest[ed] his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Co. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir.1994).  As set forth above, like the law of waiver of defenses in state court, the waiver of the federal right to remove must be "clear and unequivocal." *Id.*  The court cannot conclude, based on the record before it, that Gordon, P.C. proceeded to an adjudication on the merits or conducted itself in a manner manifesting an intent to have the claims against it adjudicated in state court. Though it is a relatively close call, the court finds that the filing of Mr. Gordon's declaration in support of his Security Credit's summary judgment motion falls just short of what is required to waive the right to remove based upon alleged inconsistent conduct.

## III.  CONCLUSION

The issues raised herein are the result of lack of actual service of process, as well as Gordon's decision to simultaneously represent his client while his firm was a named co-defendant in the same litigation. While the court believes the "or otherwise" receipt of a copy of the complaint should have triggered the 30 removal period, the Supreme Court has ruled to the contrary.  Such a ruling is the final state of the current law, not necessarily the correct one.

1    The court concludes the deficiencies in the Defendant's Notice of Removal

2  identified by the court in the Order to Show Cause have been corrected.  The Defendant's

3  removal was timely and the court must reject Plaintiff's request for remand.   A separate

4  Notice setting this matter for a Scheduling Conference will be forthcoming.

5    **IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Memorandum

6  Opinion and Order and furnish copies to counsel.

7    **DATED** this 9th day of October, 2012.

8                             s/ Justin L. Quackenbush
                        JUSTIN L. QUACKENBUSH
9                SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8