UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

GERALD RUSSELL,

    Plaintiff,

vs.

SECURITY CREDIT SERVICES,

    Defendant.

No. CV-12-0514-JLQ

**MEMORANDUM OPINION AND ORDER REMANDING ACTION TO SPOKANE COUNTY SUPERIOR COURT (#12-02-01695-4)**

BEFORE THE COURT is the Motion to voluntarily dismiss Daniel N. Gordon P.C. (ECF No. 11) and the Motion to Remand (ECF No. 13) this action to state court. The court has previously addressed these motions in its Order of October 19, 2012, wherein it set a briefing schedule for the motions.

### I. Discussion

**A. Motion to Dismiss** - Plaintiff has filed a Motion to Dismiss Defendant Daniel N. Gordon, P.C., and also a Notice of Voluntary Dismissal (ECF No. 17). Plaintiff seeks to dismiss Daniel N. Gordon, P.C. pursuant to Fed.R.Civ.P. 41(a). Rule 41(a) provides that unless the notice states otherwise, the dismissal will be without prejudice. Accordingly, the Motion to Dismiss (ECF No. 11) is **GRANTED** and the claims against Defendant Daniel N. Gordon, P.C., are dismissed without prejudice.

**B. Motion to Remand** - Plaintiff seeks remand to state court based on the argument that he has dismissed Daniel N. Gordon, P.C., who removed the action, and the only remaining Defendant, Security Credit Services, consented to state jurisdiction by arguing a motion for summary judgment in state court. However, whether removal was proper is evaluated at the time the action is removed. *Williams v. Costco Wholesale*, 471 F.3d 975 (9th Cir. 2006) ("post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on

ORDER - 1

the basis of the pleadings filed in state court."). Merely voluntarily dismissing the removing defendant would not, in most circumstances, justify remand to state court.

However, this court cannot countenance the tactics of the removing Defendant, Daniel Gordon, P.C., ("Gordon, P.C.") which effectively, while disclaiming proper service; 1) participated in the state court proceedings, up and to the point of filing and arguing dispositive motions; 2) made arguments both in writing and orally concerning its conduct in state court; 3) received an adverse oral ruling on summary judgment from the state court; and 4) then removed the action to this court prior to the state court entering a written ruling. The court was concerned with the procedural history of this action from the onset, and issued an Order to Show Cause Re: Removal (ECF No. 3) just two days after the action was removed. This court ultimately found removal to be timely, and denied Plaintiff's request for remand. In doing so, the court evaluated whether Gordon, P.C., had waived its right to remove, and acknowledged it was a "close call", but ultimately denied the request for remand. The court now reconsiders this prior decision, and remands this action to state court.

**1. Procedural and Factual History Supporting Remand**

This action was originally filed in Spokane County Superior Court on May 1, 2012. (ECF No. 1-1). The Complaint contained four counts asserted against two defendants: Gordon, P.C. and Security Credit Services ("SCS"). The federal claims were based on the Fair Debt Collection Practices Act ("FDCPA") and Plaintiff also brought a state tort claim of outrage and state statutory claim. Daniel N. Gordon, an attorney and the sole shareholder of Gordon, P.C., entered a Notice of Appearance on behalf of SCS on May 2, 2012. At that same time, Daniel Gordon filed a Motion for Partial Summary Judgment on behalf of SCS. (ECF No. 1-1, p. 30). Daniel Gordon also executed an affidavit in support of that Motion wherein he stated he was the sole shareholder and owner of Gordon, P.C.. (ECF No. 1-1, p. 41). On May 9, 2012, Winston & Cashatt filed a Notice of Appearance in state court on behalf of Gordon, P.C.. (ECF No. 1-1, p. 69).

In the Motion for Partial Summary Judgment, Daniel Gordon, advanced arguments

ORDER - 2

concerning Gordon, P.C., referred to in the Motion as "Law Firm".  Daniel Gordon wrote in the Motion that an issue for the state court was "whether or not Security Credit **and its attorney** had the right to rely on the process server's declaration...". (ECF No. 1-1, p. 31)(emphasis added).  The Motion makes numerous arguments concerning Law Firm (Gordon, P.C.) including that: 1) "Law Firm had adequate evidence"; 2) "Law Firm had a right to rely on the Declaration of Service"; 3) "Law Firm did nothing wrong"; 4) "obstacles in the case at bar [to] suing Law Firm and Security Credit"; and 5) "no liability under the FDCPA for the filing of the collection law suit". (ECF No. 1-1, p. 31-34).

The references to "Law Firm" in the state court Motion for Partial Summary Judgment are too exhaustive to list.  The Motion references the "alleged malpractice or malfeasance of its Law Firm in not investigating the debt" and that "attorneys cannot be sued under the Consumer Protection Act."  In short, the Motion, filed by the sole shareholder of Gordon, P.C., is replete with arguments concerning Gordon, P.C.'s conduct.

The documents filed with the Notice of Removal did not indicate that the state court had already ruled on the cross-motions for summary judgment.  However, subsequent filings, including a transcript of the state court hearing (ECF No. 16-3) brought that fact to the court's attention.  A review of the summary judgment hearing reveals that the state court orally made a summary judgment ruling in favor of Plaintiff and against SCS on liability on the FDCPA claim on August 10, 2012, eleven days before the action was removed to this court.

**2. Waiver of the Right to Remove**

The Ninth Circuit has stated that: "In general the right of removal is not lost by action short of proceeding to an adjudication on the merits." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1995).  Here, SCS did proceed to an adjudication on the merits, and at the hearing where the merits were adjudicated, SCS was represented by the sole shareholder of Gordon, P.C., and arguments were made

ORDER - 3

concerning the actions of Gordon, P.C.. Daniel Gordon orally made similar arguments as those contained in the briefing, that attorneys are not liable under the CPA and that SCS's "only possible liability is vicarious to something that my firm did." (ECF No. 16-3, p. 6 of hearing transcript). Even after being interrupted by the state court judge, Judge Eitzen, by comments such as "But you say you haven't been brought in yet....So why are we talking about that?" (ECF No. 16-3, p. 7), counsel continued to make arguments concerning Gordon, P.C.: "even if we did defective legal work, they cannot sue us under the CPA for that, and certainly therefore, they cannot hold our clients liable for something that my law firm is not liable for." (*Id*. at p. 7-8).

After the court heard oral argument on the FDCPA claim, she ruled as follows:

> All right. I've read the file and advised myself as to the arguments and the issues. And I am granting the plaintiff's summary judgment on the issue of the defendant's liability under the FDCPA for improper service. (ECF No. 16-3, p. 13).

Judge Eitzen, when asked for clarification, stated that none of the claims were being dismissed, the motions were otherwise denied, and the matter would proceed to trial.

It was after this adverse ruling that Defendants removed the action to this court, hoping it seems, to get the proverbial 'second bite at the apple'. This court will not indulge these forum shopping tactics. SCS clearly waived any right to remove by filing a summary judgment motion and proceeding to an adjudication on the merits. The court finds difficulty in seeing how SCS could satisfy the rule of unanimity and validly consent to remove, after having so acquiesced to the jurisdiction of the state court. Further, although arguing that it was not formally served, Gordon, P.C., through its sole shareholder attorney, appeared at the summary judgment hearing and advanced arguments on behalf of Gordon, P.C.. Although the state court ruling on liability under FDCPA was only against SCS, and the claims against Gordon, P.C. have now been dismissed, Gordon, P.C. waived the right to remove this action.

### 3. Timeliness of Motion to Remand

SCS's latest argument is that Plaintiff's Motion to Remand is untimely, as it was filed outside the 30-day limit in 28 U.S.C. § 1447(c). This argument is not well-taken.

ORDER - 4

While it is true that procedural defects in removal must be raised within 30-days after the filing of the notice of removal, the defects in this case were raised within that period. They were first raised two days after removal when this court issued an Order to Show Cause. (ECF No. 3). Plaintiff first asked that this matter be remanded on August 31, 2012, just ten days after removal. (ECF No. 4). Therein, Plaintiff stated in part, "This Court should remand this case back to state court because Mr. Gordon consented to state court jurisdiction....". (ECF No. 4, p. 2). After being further apprised as to what had occurred in state court, including that Judge Eitzen had orally ruled on the dispositive motions, and being furnished with the transcript of those proceedings, this court has reconsidered its prior ruling and finds that Defendants had acquiesced to state court jurisdiction and that removal is improper.

## II. Conclusion

SCS had the opportunity to file dispositive motions and be heard on its federal FDCPA claim in state court, and it took that opportunity, and the state court ruled in favor of Plaintiff. This court will not allow SCS' attempt at a *de facto* appeal of that state court ruling. It is telling that on August 16, 2012, six days after the oral ruling in favor of Plaintiff, and the same day Plaintiff was circulating the draft Order on summary judgment (ECF No. 6, p. 13), Gordon P.C. then prepared an "Acceptance of Service" and shortly thereafter removed the action. Gordon, P.C., if it truly believed it had just accepted service on August 16, 2012, should have filed an answer or responsive pleading. Gordon, P.C., never filed an answer or other responsive pleading in this court, despite one being due long ago.

Counsel for both parties would be well advised to focus less on the procedural maneuvering that has occurred in this matter, and more on resolving it. It appears that the Complaint was drafted and sent to SCS in February 2012, but for some reason was not filed. Then counsel for Plaintiff purportedly stated in April 2012 that he was going to take a default judgment against SCS, even though the suit had not been filed. (ECF No. 7, p. 15). Then, it appears from the correspondence of record that after the state

ORDER - 5

court's oral summary judgment ruling the parties were going to discuss settlement, unless, and the court hopes this is not the case, those overtures towards settlement were a delay tactic to allow for this removal.  Now another two plus months have been devoted to the parties fighting over whether a case with an FDCPA claim, a state tort claim, and a state statutory claim should be litigated in federal court, when the state court has already ruled on the only federal claim.  Were the suit to remain here, it would likely proceed promptly to trial on actual damages on the FDCPA claim and the court would then likely decline under § 1367(c) to exercise jurisdiction over the state law claims.  Such piecemeal adjudication is not in the interests of the parties, or the state or federal courts.

**IT IS HEREBY ORDERED:**

    1. The Motion to Dismiss (ECF No. 11) is **GRANTED**, and the claims against Defendant Daniel N. Gordon, P.C., are dismissed without prejudice.

    2. Plaintiff's Motion to Remand (ECF No. 13), which the court construes in part as a motion to reconsider the court's October 9, 2012 Order is **GRANTED**.

    3. This action is hereby remanded to Spokane County Superior Court for all further proceedings in its cause # 12-02-01695-4.

**IT IS SO ORDERED**:  The Clerk is hereby directed to enter this Order and furnish copies to counsel,  send a copy of this Order and the docket sheet to the Clerk of Spokane County Superior Court, and close this file.

**DATED** this 8th day of November, 2012.

                    s/ Justin L. Quackenbush
                  JUSTIN L. QUACKENBUSH
        SENIOR UNITED STATES DISTRICT JUDGE